IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CASSANDRA JACKSON**                                                            **PLAINTIFF**

**V.**                              **CAUSE NO. 3:20-CV-562-CWR-LGI**

**BOBBY BROWN; MISSISSIPPI ACTION**                      **DEFENDANTS**
**FOR PROGRESS, INC.; JOHN DOES 1-5;**
**MISSISSIPPI ACTION FOR PROGRESS,**
**INC. BOARD OF SUPERVISORS; &**
**MISSISSIPPI ACTION FOR PROGRESS**
**BOARD OF DIRECTORS**

## ORDER

Before the Court is the defendants' motion for summary judgment. Docket No. 46. On review, the motion will be granted.

**I.**      **Factual and Procedural History**

Dr. Cassandra Jackson worked at Mississippi Action for Progress, Inc. (MAP), a child development and family services agency, for approximately two decades. She most recently served as a Field Services Liaison.

In this action, Dr. Jackson alleges that she was subjected to a hostile work environment on the basis of her sex. The hostile environment was perpetrated by Dr. Bobby Brown, MAP's Executive Director, who allegedly made sexual advances to Dr. Jackson in 2000, 2002, 2006, and 2013. As a result of rebuffing those advances, Dr. Jackson says that she lost the use of a company vehicle and missed opportunities for promotion, among other benefits. Dr. Jackson first complained about the harassment in late 2019. This action was filed in 2020.

Dr. Jackson's second amended complaint asserted causes of action under Title VII of the Civil Rights Act of 1964 and Mississippi state law. Docket No. 10. The parties then engaged in

discovery to unearth evidence supporting their claims and defenses. The present motion for summary judgment followed.

MAP's main contention is that Dr. Jackson's Title VII claims are time-barred because she did not properly raise them with the EEOC. But MAP also claims that Dr. Jackson's allegations fail on their merits. Dr. Jackson responds that her hostile work environment claim can proceed because of the continuing violations doctrine.

## II.     Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

**III.   Discussion**

At the outset, the Court notes that Dr. Jackson's response defends only the timeliness of her Title VII hostile work environment claim. Her retaliation and state-law claims are therefore abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

A review of the applicable law suggests that the continuing violation doctrine cannot save Dr. Jackson's hostile work environment claim. She has not pointed to evidence that "at least one [discriminatory] act falls within the time period." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004).

The merits are also difficult for Dr. Jackson to overcome. To prove a hostile work environment under Title VII, a plaintiff must show that she:

> (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on [the protected group]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citation omitted).

In defending against this claim, the defendants argued that Dr. Jackson lacked evidence that any harassment affected a term, condition, or privilege of employment. Docket No. 47 at 11. They added that she lacked evidence that they failed to take prompt remedial action. *Id.*

Dr. Jackson's brief does not point to evidence contesting either of these arguments; again, her only argument related to the timeliness of her claim under a continuing violation theory. As it stands, then, even if she could establish that her claims were timely, she has not put forward any evidence on the merits that any harassment affected a term, condition, or privilege of employment, or that defendants failed to take prompt remedial action. Rather, the defendants'

evidence indicates that MAP did take prompt remedial action by ordering an investigation into Dr. Jackson's allegations of harassment. This evidence is uncontested.

Between the untimeliness of her charge of discrimination and the absence of evidence supporting each element of her claim, summary judgment must be granted.

### IV. Conclusion

The motion is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 21st day of June, 2022.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE